UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELISSA J. CAPSALORS,  )<br>    *Plaintiff*,  )<br>                                      )<br>v.                               )<br>                                   )<br>PRUDENTIAL INSURANCE   )<br>COMPANY,                      )<br>    *Defendant*. | 3:20-CV-00699 (SVN)<br><br><br><br><br><br>March 30, 2022 |

### DECISION AND ORDER ON THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTIONS TO AMEND, AND DEFENDANT'S MOTION FOR SANCTIONS

Sarala V. Nagala, United States District Judge.

In the present action, Plaintiff Melissa Capsalors ("Plaintiff") alleges that Defendant Prudential Insurance Company ("Defendant") denied Plaintiff's request for disability benefits on forty-seven discrete days, in violation of the Employment Retirement Income Security Act ("ERISA").

Presently before the Court are the parties' cross motions for summary judgment on the administrative record (ECF Nos. 36 & 39), Plaintiff's motions to amend the complaint (ECF Nos. 40, 44, & 45), and Defendant's motion for sanctions (ECF No. 49). For the reasons that follow, Plaintiff's Motions to Amend are DENIED; Defendant's Motion for Summary Judgment is GRANTED; Plaintiff's Motion for Summary Judgment is DENIED; and Defendant's Motion for Sanctions is DENIED.

    **I.    FACTUAL BACKGROUND**

The following facts are drawn primarily from Defendant's Local Rule 56(a)1 statement in support of its motion for summary judgment on the administrative record. Plaintiff filed neither an opposition to Defendant's motion for summary judgment nor a statement under Local Rule

56(a)2, rendering each material fact set forth in Defendant's Local Rule 56(a)1 statement that is supported by the evidence admitted for purposes of this motion. *See* Local Rule 56(a)1. Plaintiff also did not file a Local Rule 56(a)1 statement in support of her own motion for summary judgment on the administrative record.

In mid-2016, Plaintiff was employed as a service representative for Frontier Communications Corporation ("Frontier"). ECF No. 38 ¶ 1. As part of her employment, Plaintiff was covered by Frontier Communications Corporation CWA 1298 Disability Benefits Program. ECF No. 38 ¶ 2 (the "Plan"). The Plan was governed by the Summary Plan Description ("SPD"). *Id.* The Plan provided both short term and long-term disability benefits to the employees covered by it. *Id.* ¶ 3. Under a separate Administrative Services Agreement, Prudential, as Claims Administrator, would determine whether employees were eligible for and entitled to benefits under the Plan. *Id.* ¶ 5; ECF No. 32 at 3899–3900. If Prudential determined a particular person was both eligible for and entitled to benefits, Frontier was responsible for paying out the benefits. *Id.*; ECF No. 38 ¶¶ 5-6.

The SPD granted to Defendant "sole discretion" to determine whether a participant qualifies for benefits under the Plan. ECF No. 38 ¶ 7. Specifically, the SPD states that "only the Claims Administrator (or its delegates) has the discretion to determine whether you have a disability that qualifies you for Sickness Disability Benefits under the Plan." *Id.* ¶ 8. A participant in the Plan was "disabled" if the Claims Administrator determined that he or she had "an illness, injury or other medical, psychiatric or psychological condition that prevents [the participant] from performing the essential functions of [the participant's] regular job and [the participant] cannot be accommodated due to an illness or injury at another job within any Employer." *Id.* ¶ 9. The

disability was required to be supported by "objective medical evidence." *Id.* "Objective medical evidence" was further defined as:

> Objective medical information sufficient to show that the Participant is Disabled, as determined at the sole discretion of the Claims Administrator. Objective medical information includes, but is not limited to, results from diagnostic tools and examinations performed in accordance with the generally accepted principles of the health care profession. In general, a diagnosis that is based largely or entirely on self-reported symptoms will not be considered sufficient to support a finding of Disability. For example, reports of intense pain, standing alone, will be unlikely to support a finding of Disability, but reports of intense pain associated with an observable medical condition that typically produces intense pain could be sufficient.

*Id.* ¶ 11. The SPD mandated a waiting period of "7 (full) consecutive calendar days of absence from work" before benefits were payable, resulting in benefits beginning on the eighth consecutive day of absence from work due to the disability. *Id.* ¶¶ 12, 13. Finally, the SPD provided for benefits to be paid to a claimant for a relapse of a prior disabling condition under certain circumstances. If the claimant returned to work for more than eight, but less than twenty-six, weeks following a prior disabling condition and then suffered a relapse, the claimant was not eligible to receive benefits until the eighth calendar day after the relapsed absence from work began. *Id.* ¶ 16. If, on the other hand, the claimant returned to work for less than eight weeks and then suffered a relapse, the claimant was eligible for benefits on the first full day of the new disability absence period. *Id.*

On approximately June 7, 2016, while covered by the SPD, Plaintiff began suffering from several medical issues that she claims prevented her from completing her responsibilities at work. ECF No. 1 ¶ 6. The complaint alleges that Plaintiff experienced pain in her shoulders, hips, and spine, *id.*, and Plaintiff testified in her deposition that she also suffers from migraines. ECF No. 38 ¶¶ 19, 84. These issues did not prevent Plaintiff from working for a certain sustained period of time but, rather, would occasionally flare up, causing her to be unable to work for a day or a few

days at a time. ECF No. 38 ¶¶ 19, 84. Between June 17, 2016, and April 30, 2019, Defendant approved Plaintiff's short term disability benefits for more than one hundred days of missed work. *Id.* ¶ 21. The instant dispute involves an additional forty-seven days for which Plaintiff was denied benefits. ECF No. 1 ¶ 10. Defendant argues that Plaintiff was paid benefits for each date on which she qualified for benefits and was denied benefits for those dates on which she was not eligible or otherwise did not qualify under the SPD.

On July 30, 2021, Defendant filed its opening brief in support of its motion for summary judgment. The next day, Plaintiff filed her motion for summary judgment on the administrative record. Subsequently on September 7, 2021, Plaintiff filed a motion seeking to amend the complaint to "correct[] the dates on which Plaintiff alleges she was physically disabled and could not report for work." ECF No. 40 at 1. On September 29, 2021, after Defendant filed its opposition to the motion to amend asserting that Plaintiff had already been paid benefits for the dates she sought to add in her amended complaint, Plaintiff filed two identical "Amended Motion[s] to Amend," once again requesting to "correct[] the dates" alleged in the complaint. ECF Nos. 44 (docketed as "Amended MOTION to Amend/Correct Electronic Summons") at 1 and 45 (docketed as "Amended MOTION to Amend/Correct Complaint"). In response to these new motions to amend, on November 12, 2021, Defendant filed its motion for sanctions. The Court addresses each of these motions below.

## II. MOTIONS TO AMEND

Plaintiff has filed three separate motions to amend the complaint. ECF Nos. 40, 44, & 45. Plaintiff's last filing, ECF No. 45, titled "Substitute Motion for Leave to Amend Complaint," states that "this motion should replace and be substituted for the earlier Motion for Leave to Amend." ECF No. 45 at 1. ECF No. 44 appears to be a motion to amend the complaint that was

4

inappropriately captioned as a motion to amend the electronic summons and that is duplicative of what was eventually refiled as ECF No. 45.  Thus, the Court will DENY as moot Plaintiff's initial motion to amend (ECF No. 40) and the motion titled "motion to amend/correct electronic summons" (ECF No. 44) and treat the Substitute Motion to Amend (ECF No. 45) as the only live motion to amend.

As an initial matter, none of Plaintiff's various motions to amend, including ECF No. 45, comply with Local Rule of Civil Procedure 7(f), which requires a party filing a motion to amend that requires leave of court to: (i) state that the movant has inquired whether the opposition consents to the motion to amend; (ii) indicate whether the opposition in fact consents to the motion to amend; and (iii) include a redlined version of the proposed amended complaint showing all of the changes the proponent of the motion wishes to make to the current pleading.  As best the Court can discern, Plaintiff has taken none of the steps required by the Rule in the instant matter.  Such failure to comply with the Local Rules is itself sufficient to deny the motion.  *See Koliqi v. Walmart Stores, Inc.*, No. 3:20-CV-942 (VLB), 2020 WL 7700083, at *1 (D. Conn. Dec. 28, 2020).  Nevertheless, the Court is not required to deny the motion on this ground and, instead, will address the merits of the request below.

Through her motion to amend, Plaintiff attempts to "correct[] the dates" in her complaint based on her counsel's failure to "interpret correctly the sets of records" detailing the dates for which Plaintiff was and was not paid disability benefits.  Plaintiff seeks to eliminate twenty-three dates from her original complaint and add fifteen new dates.  For the reasons explained below, Plaintiff's Motion to Amend is DENIED.

A. <u>Legal Standard</u>

A motion for leave to amend is governed by Rule 15 and Rule 16 of the Federal Rules of Civil Procedure. *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). As this case has been pending for nearly two years, the time for Plaintiff to amend her complaint as of right has long since expired. *See* Fed. R. Civ. P. 15(a)(1). Therefore, under Rule 15, Plaintiff may amend her pleading only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). Defendant has not consented to Plaintiff's proposed amendment. Even without such consent, though, leave of court "should be freely given when justice so requires." *Id.* This permissive standard allows the Court to deny leave to amend the complaint only where there has been "undue delay, bad faith, dilatory motive, [or] futility." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Further, it is improper for the Court to deny a motion to amend based solely on delay or expense "absent a showing of bad faith or undue prejudice." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).

Defendant argues that because a scheduling order has been entered in this case, any request to amend the complaint must also satisfy the good cause standard in Rule 16. ECF No. 48 at 4. This had been the state of the law, *see Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003), but the Second Circuit recently clarified that such a standard is applicable only where the scheduling order expressly provides that no amendment shall be allowed after a given date absent good cause. *Sacerdote*, 9 F.4th at 115. Under *Sacerdote*, if a district court intends that no amendment will be permitted after a certain date absent good cause, the court must state that mandate in a clear manner in the scheduling order. *Id.* Here, the scheduling order provides only that Plaintiff "is allowed until October 30, 2020 to file motions to join additional parties or amend the pleadings." ECF No. 16 at 1. The scheduling order's language is ambiguous as to whether

6

October 30, 2020, is the date after which leave of court would be required for amendment or after which no amendments would be permitted. Given that there is no express prohibition in the scheduling order on filing an amended complaint after October 30, 2020, *Sacerdote* counsels that the Court should apply the standard of Rule 15(a)(2), rather than Rule 16(b)'s good cause standard. Therefore, to amend her complaint, Plaintiff must show only that justice requires granting her leave to amend under Rule 15.

B. Discussion

As noted above, though, even under the liberal standard of Rule 15, the Court can deny leave to amend the complaint where there has been undue delay, bad faith, or a dilatory motive, or if the proposed amendment would be futile. Here, there appears to be undue delay that will substantially prejudice Defendant. The motion for leave to amend was filed, at the earliest, on September 7, 2021—almost fifteen months into the pendency of the litigation. Plaintiff provides no reason why the amended complaint was not filed earlier and does not claim that she was unable to file the complaint earlier. ECF No. 45. Rather, Plaintiff's reason for the requested amendment is her counsel's failure to "interpret correctly the sets of records Plaintiff and the Employer provided regarding those dates" for which coverage was denied. *Id.* There is no allegation in the motion to amend that Defendant did not timely provide the records to Plaintiff, or that Plaintiff did not timely provide her own records to her attorney. In fact, Defendant filed the administrative record on the docket on June 30, 2021, more than two months prior to Plaintiff's first motion to amend.

Further, Plaintiff's motion to amend was filed more than a month *after* both Plaintiff and Defendant filed their cross motions for summary judgment. In preparing to file Plaintiff's motion for summary judgment, Plaintiff's counsel could and should have determined that the operative

complaint contained the incorrect dates. The additional delay of more than one month is unexplained.

It is also clear that allowing Plaintiff to amend her complaint at this late stage would cause significant prejudice to Defendant. The Second Circuit recognizes that a party is prejudiced if leave to amend a complaint would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Granting Plaintiff leave to amend the complaint at this stage would require Defendant to expend significant additional resources and significantly delay resolution of the dispute. Plaintiff's proposed amendment would essentially begin the case over again. For nearly two years, the parties have been litigating the allegedly improper denial of benefits on forty-seven specific dates. Plaintiff now seeks to eliminate twenty-three of those dates and add fifteen more dates. No discovery has been taken on these fifteen additional dates. If the Court were to allow Plaintiff to amend her complaint to include these dates, Defendant would need to reopen discovery to inquire into Plaintiff's basis for these claims and would likely need to file a new summary judgment motion. Delaying resolution further would significantly prejudice Defendant.[1]

---

[1] Defendant also argues that the proposed amendment would be largely futile because it approved payment for fourteen of the fifteen additional dates and Plaintiff did not seek benefits under the SPD for the fifteenth date. *See* ECF No. 43-1 at 2 (letter from Defendant to Plaintiff's counsel discussing reinstatement of benefits for several dates sought to be added in the amended complaint); ECF No. 48 at 6. As there are sufficient grounds to deny the motion for leave to amend the complaint without addressing this argument, and because the futility argument would require an examination of matters beyond the proposed amended complaint, the Court does not reach it. The Court notes, however, that there is some authority in the Second Circuit that permits a district court to deny as futile an amendment proposed after the filing of a summary judgment motion, when the evidence in support of the proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law under Rule 56(c). *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

Therefore, because of Plaintiff's undue delay in seeking the amendment, which has in turn caused undue prejudice to Defendant, Plaintiff's Motion to Amend (ECF No. 45) is DENIED.

### III. MOTIONS FOR SUMMARY JUDGMENT

The parties in the instant matter have filed cross motions for summary judgment on the administrative record. Plaintiff has filed no memorandum in opposition to Defendant's motion for summary judgment. Nevertheless, because Plaintiff has filed a cross motion for summary judgment, the Court will not treat Defendant's motion as unopposed but, rather, will consider each motion on its merits.

#### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A disputed fact is material only where the determination of the fact might affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is the moving party's burden to show there are no disputed material facts. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by pointing out an absence of evidence to support the non-moving party's case. *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002). If the moving party demonstrates there are no disputed issues of material fact, the burden shifts to the non-moving party to rebut this showing through introduction of "specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

As it pertains to the denial of benefits under an ERISA plan, the decision to deny benefits is reviewed under a *de novo* standard unless the benefit plan gives the administrator the discretionary authority to determine eligibility for benefits. *Firestone Tire & Rubber Co. v. Bruch*,

489 U.S. 101, 115 (1989). Where, as here, the plan gives the administrator "discretionary authority to determine eligibility," the administrator's decision will not be disturbed unless it was arbitrary and capricious. *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). Under this standard, the Court may overturn the administrator's decision "only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995). The scope of such a review is narrow and the Court is not free to substitute its own judgment for that of the administrator's. *Id.* Rather, the Court must determine if the decision made by the administrator is unsupported by such evidence that "a reasonable mind might accept as adequate to support the conclusion" reached by the administrator. *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995). This requires more than "a scintilla but less than a preponderance" of the evidence. *Id.*

### B. Defendant's Motion for Summary Judgment

As noted, Plaintiff has failed to file a Rule 56(a)2 statement of facts rebutting Defendant's Rule 56(a)1 statement. Thus, each of the facts in Defendant's Rule 56(a)1 statement, if supported by evidence, are deemed admitted and treated as true for purposes of its motion for summary judgment. *See Martin v. Simsbury*, 505 F. Supp. 3d 116, 124 (D. Conn. 2020); *Miron v. Stratford*, 976 F. Supp. 2d 120, 127 (D. Conn. 2013); Local Rule 56(a)1.

Plaintiff's complaint alleges that her benefits were wrongfully denied on the following dates:

    2016:  December 12
    2017:  April 19–21, 24, 25; May 2; August 9
    2018:  February 28; March 14–16; May 2–4, 7, 14, 23, 24; June 25–29; July 9;
           August 6, 13
    2019:  January 7–11, 14–18; February 11–15; March 8; April 3–5, 8

ECF No. 1.  Through her filings (including her motions to amend to remove certain dates from her complaint, which the Court construes as implicit concessions) and at oral argument, Plaintiff conceded that she was withdrawing her argument that she was entitled to be paid benefits for all dates in 2016 and 2017 and the following dates in 2019:  January 7–11, 14–18; February 11–15; and March 8.

Thus, the dates that remain in dispute for purposes of Defendant's motion for summary judgment are all dates listed above in 2018 and April 3–5 and 8, 2019.  As explained below, there is no genuine dispute of material fact that Plaintiff was entitled to payment on those dates.

 1. *2018 Dates*

  a. February 28, 2018

Plaintiff applied for disability benefits for February 28, 2018.  After receiving her request, Defendant requested supporting medical documentation.  The documentation Plaintiff submitted consisted of visitation notes from her chiropractor containing conclusory and non-specific complaints of neck and back pain.  ECF No. 38 ¶ 76.  Defendant cites to portions of Plaintiff's deposition in which Plaintiff admitted that the chiropractor did not opine that Plaintiff could not work on February 28, 2018, although the applicable pages of Plaintiff's deposition were not filed with Defendant's L.R. 56(a)1 statement.  *See* ECF No. 38 at 81–87.  Nonetheless, the chiropractor's notes in the administrative record do not state that Plaintiff was unable to work that day; rather, they note that Plaintiff reported that employment had "become difficult," but that Plaintiff was "expected to make fair progress and recovery with some residuals."  ECF No. 32 at 1641.  Out of an abundance of caution, Defendant still had a registered nurse review the records, and ultimately determined that they did not prove Plaintiff was unable to work on that date.  ECF No. 32 at 1649.  Plaintiff has not pointed to any evidence that contradicts Defendant's evidence.

Based on a review of the record, the Court concludes that Defendant's decision to deny Plaintiff benefits on February 28, 2018, was not made arbitrarily and capriciously.

      b.  March 14–16, 2018

In examining Plaintiff's claims for March 14–16, 2018, Defendant requested another registered nurse review her medical evidence. After reviewing the evidence, Defendant determined that during the relevant time period, Plaintiff had taken no medication for her symptoms; undergone no diagnostic testing; not seen a specialist; self-rated her pain as only a two out of ten on two occasions; and reported that her symptoms had improved since her last visit to the doctor. ECF No. 38 ¶¶ 81–83. This evidence provided reasonable grounds for Defendant to determine that Plaintiff was not disabled between March 14 and March 16, 2018. Plaintiff has not pointed to any evidence that contradicts Defendant's evidence. Based on a review of the record, the Court concludes that Defendant's decision to deny Plaintiff benefits for this time period was not arbitrary and capricious.

      c.  May 2–4, 7, 14, 23, 24, 2018

Plaintiff claims she was wrongfully denied benefits for several days in May 2018. Once again, a registered nurse employed by Defendant reviewed Plaintiff's file and determined that there was no proof she was unable to work during the dates in question. Specifically, Defendant determined that Plaintiff was attending chiropractic visits less frequently than recommended; that she cared for her disabled mother, which indicated some functional capacity; that her medical professionals did not observe pain behaviors despite Plaintiff's reporting of her pain levels as between four to six out of ten; and that she was not taking medications for pain or referred for diagnostic treatment or specialist visits. Plaintiff has not pointed to any evidence that contradicts

Defendant's evidence. Based on a review of the record, the Court concludes that Defendant's decision to deny Plaintiff benefits for the dates in May 2018 was not arbitrary and capricious.

      d.  June 25–29, July 9, August 6, 13, 2018

Plaintiff claims that she was further denied benefits for several dates during the summer of 2018. She pursued an administrative appeal regarding these dates. Again, Defendant had a registered nurse review Plaintiff's records to determine whether she was disabled on the claimed dates. Defendant determined that during this time period, Plaintiff was reporting her pain as a five out of ten; she had worked with similar pain before; Plaintiff's rheumatologist reported normal muscle tone and strength; and Plaintiff's chiropractor reported improved activity tolerance. Defendant concluded based on these symptoms and reports that Plaintiff was capable of performing her sedentary occupation during this time period. Defendant further considered additional information Plaintiff's chiropractor sent after her initial appeal was denied, pertaining to chiropractic visits in October and November of 2018; these visit notes did not change Defendant's conclusion that Plaintiff was not entitled to benefits for the summer 2018 dates. Plaintiff has not pointed to any evidence that contradicts Defendant's evidence. Based on a review of the record, the Court concludes that Defendant's decision to deny Plaintiff benefits as to the dates in June, July, and August 2018, was not arbitrary and capricious.

                          *ii. 2019 Dates*

      a.  April 3–5 and 8, 2019

Defendant argues that Plaintiff has already received benefits for April 3–5 and 8, 2019. In support, Defendant points to two letters addressed to Plaintiff's counsel confirming the approvals and the declaration of a Frontier executive involved in overseeing Frontier's short-term disability benefits program, who attached pay stubs reflecting that Plaintiff was paid for those dates. Plaintiff

has submitted no evidence or argument that would undermine Defendant's submissions. Therefore, Defendant is entitled to summary judgment as to Plaintiff's claims for April 3–5 and 8, 2019.

In summary, for the reasons stated above, there is no dispute regarding any material fact at issue in Defendant's motion for summary judgment. Defendant is entitled to judgment as a matter of law.

### C. Plaintiff's Motion for Summary Judgment

Before turning to the merits of Plaintiff's motion, the Court must once again note that Plaintiff has failed to comply with the Local Rules in filing her motion. Plaintiff has submitted no Rule 56(a)1 statement of undisputed material facts. "In this circuit, the failure to comply with a district court's local rules on a motion for summary judgment permits, but does not require, a court to dispose of that motion." *Tross v. Ritz Carlton Hotel Co., LLC*, 928 F. Supp. 2d 498, 503 (D. Conn. 2013). In deciding whether to deny a motion for summary judgment based on failure to comply with the local rules, courts in this circuit will consider whether the court can fairly determine the undisputed facts of the case without such a Rule 56(a)1 statement. In this case, the Court believes that it can do so and, as such, will examine the merits of Plaintiff's motion.

Plaintiff's five-page memorandum does not address the arbitrary and capricious standard of review applicable here or the evidence Defendant has marshalled in support of its own motion for summary judgment. Instead, Plaintiff frames the issue as whether there is "any basis in the medical reports" to substantiate Defendant's denial of Plaintiff's claims for disability benefits on the dates in question. ECF No. 39 at 3. Plaintiff points to only two pieces of evidence in support of her argument that she was wrongly denied benefits on the dates alleged in the complaint: a

report from her treating rheumatologist dated April 19, 2018, and a "SOAP Note"[2] entered in Plaintiff's file by a Prudential employee on November 1, 2018. Plaintiff alleges that these documents make clear that Plaintiff had severe medical ailments and those ailments remained substantially the same during the relevant time period. Thus, Plaintiff concludes that Defendant's denial of benefits on the dates at issue, when other dates were approved, was error.

Plaintiff provides no legal citation or support for this argument. In fact, the law is clear such an argument does not warrant summary judgment. Rather, Plaintiff "has the burden of proving by a preponderance of the evidence" that she is disabled under the plan. *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 441 (2d Cir. 2006). This burden does not shift to Defendant simply because it previously provided benefits to Plaintiff based on similar conditions. *Beardsley v. Hartford Fire Ins. Co.*, No. 3:18CV2056 (MPS), 2020 WL 5441322, at *8 (D. Conn. Sept. 10, 2020) (quoting *Fitzpatrick v. Bayer Corp.*, No. 04 Civ. 5134, 2008 WL 169318, at *9 (S.D.N.Y. Jan. 17, 2018) ("To the extent that Plaintiff argues that the past payment of benefits resulted in a shifting of the burden to the Defendants . . . Plaintiff is incorrect. There is nothing in the caselaw suggesting that the burden of proof shifts to the Defendants if the Plaintiff previously received benefits.")). Thus, Plaintiff must prove, for each date she was allegedly denied, that she was actually disabled, and that Defendant's denial of benefits for that date was arbitrary and capricious. This she has not done.

The rheumatologist's note dated April 18, 2018, referenced by Plaintiff, does not establish that Plaintiff met the requirements of the Plan on any particular date. Rather, the note simply lists Plaintiff's medical ailments and notes that she was referred to an additional doctor and prescribed some medication. *See* ECF No. 39 at 6–7. Further, even if the note somehow indicated that

---

[2] "SOAP" appears to be an acronym for "Subjective/Objective/Analysis/Plan," which are the four sections of the internal Prudential notes provided in the administrative record.

Plaintiff was disabled and could not work, which it does not, plan administrators are not required "automatically to accord special weight to the opinions of a claimant's physician." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003). Defendant was well within its rights to determine what weight to afford the opinion of Plaintiff's treating physician.

Likewise, the SOAP Note does not support Plaintiff's claims. This note is simply a recital that Plaintiff's conditions are the same as those which caused her prior absences from work and that she had an appointment with a rheumatologist to address her conditions. ECF No. 39 at 8. But the mere continuation of Plaintiff's medical conditions does not demonstrate her entitlement to benefits under the Plan. Moreover, far from proving that Defendant's conduct was arbitrary and capricious, the SOAP Note—and the administrative record as a whole—supports Defendant's claim that it examined all of the records presented and made an informed decision on whether to grant Plaintiff's requested benefits on each particular occasion.

Thus, Plaintiff fails to demonstrate that Defendant's determination to deny her benefits was arbitrary and capricious, and her motion for summary judgment must be DENIED.

## IV.    MOTION FOR SANCTIONS

The final motion presently pending before the Court is Defendant's motion for sanctions. Specifically, Defendant contends that Plaintiff's currently pending motion to amend the complaint and the initial motion to amend the complaint were filed without legitimate legal justification and instead solely to unduly burden and inconvenience Defendant. Defendant seeks sanctions under both Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

### A.    Legal Standard

Under Federal Rule of Civil Procedure 11(b), an attorney, by presenting the court with any written motion, certifies that: the motion is not being presented for an improper purpose such as to

harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims at issue are warranted by existing law or a non-frivolous argument for extending existing law; and the factual contentions have evidentiary support.  Fed. R. Civ. P. 11(b).  In order for a pleading to violate Rule 11, it "must be or border on the frivolous."  *Chien v. Skystar Bio Pharm. Co.*, 256 F.R.D. 67, 72 (D. Conn. 2009).  Stated another way, Rule 11 "targets situations where it is patently clear that a claim has absolutely no chance of success."  *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991).

Under the safe harbor provision of Rule 11, the moving party must serve its motion for sanctions upon the non-moving party in accordance with Rule 5 and wait at least twenty-one days before filing the motion with the court.  Fed. R. Civ. P. 11(c)(2).  This provision is "a strict procedural requirement," such that "an informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period."  *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).  If the Court determines that Rule 11(b) has been violated, it may impose an appropriate sanction on any attorney, law firm, or party that violated the rule.  Fed. R. Civ. P. 11(c).

The Court may also sanction an attorney for frivolous motion practice under 28 U.S.C. § 1927.  Specifically, that statute allows courts to require an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorneys' fees" resulting from their conduct.  While "Rule 11 requires only a showing of objective unreasonableness on the part of the attorney or client signing the papers, [] § 1927 requires more: subjective bad faith by counsel."  *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1346 (2d Cir. 1991).  Thus, "bad faith is the touchstone of an award under this statute," and to impose sanctions based on it, the Court must find "(1) the offending party's claims

17

were entirely meritless and (2) the party acted for improper purposes." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000).

      B.  Discussion

As discussed above, Plaintiff has filed not one, but two[3] untimely, poorly supported, legally insufficient motions to amend the complaint. Defendant represents that it quickly reached out to Plaintiff's counsel to inform him that each of the dates Plaintiff sought to add to the complaint had already been approved by Defendant and paid to Plaintiff by her employer. ECF No. 47 at 7. Upon receipt of this notice, Plaintiff's counsel apologized and informed Defendant that he would work to correct the error. *Id.* Nevertheless, Plaintiff did nothing to correct the error until twenty days later, during which time Defendant was forced to prepare and file a response to Plaintiff's motion to amend. *See* ECF No. 43.

When Plaintiff's counsel finally acted on his assurance that he would correct the mistake, he once again filed a motion to amend the complaint, with nearly identical dates as he had previously sought to add. *See* ECF No. 46 (proposed amended complaint). These updated dates included each of the thirteen dates Defendant already informed Plaintiff had been approved. *Compare* ECF No. 40-1 *with* ECF No. 46. This filing required Defendant to once again prepare and file a memorandum of law in opposition to Plaintiff's motion to amend the complaint, despite the near complete overlap of dates. *See* ECF No. 48. Approximately one month after filing its opposition to the second motion to amend, Defendant filed its motion for sanctions.

It is worth noting that, displaying the same carelessness Plaintiff's counsel has demonstrated throughout this case, counsel did not respond on behalf of Plaintiff to Defendant's

---

[3] The Court will not count the motion to amend that was incorrectly docketed as a motion to amend the electronic summons (ECF No. 44), to give Plaintiff's counsel the benefit of the doubt that that filing was simply an inadvertent error.

motion for sanctions until prompted by the Court.  *See* ECF No. 53.  When Plaintiff did respond, her opposition said nothing about the frivolity of the proposed amended complaint.  Instead, Plaintiff pointed to dates in her *original* complaint that Defendant did not approve for payment, and claimed it was entirely false that all the alleged dates were already approved for payment.  ECF No. 54.  However, Plaintiff did not address the fact that the dates she sought to add to the case via the amended complaint were, in fact, the dates for which claims were already approved.

Given this history, and assuming that Plaintiff's counsel had not simply been careless in filing the motions to amend, Plaintiff's counsel's filings needlessly forced Defendant to expend time and resources responding to motions that had no chance of success.  At oral argument, however, counsel for Defendant admitted that the motion for Rule 11 sanctions was never served on Plaintiff prior to filing.  Instead, Defendant's counsel reached out to Plaintiff's counsel via email to warn him of a potential Rule 11 motion.  As discussed above, this does not satisfy Rule 11's safe harbor provision, and as a result, the Court cannot order sanctions under Rule 11.

To adjudicate Defendant's request for costs under 28 U.S.C. § 1927, the Court must determine if "(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes."  *Revson*, 221 F.3d at 79.  As the Court has made clear, Plaintiff's attempts to amend the complaint were without merit; thus, the first prong is satisfied.  Whether Plaintiff's counsel acted for improper purposes, however, is a much closer call.  After reviewing the filings in this matter, and hearing the parties' positions at oral argument, the Court has determined that the filings were not made for an improper purpose.  To be clear, the actions of Plaintiff's counsel in this litigation have been sloppy and objectively unreasonable.  It is the Court's opinion, however, that Plaintiff's counsel has not acted with the subjective bad faith required for a finding of

sanctionable conduct under 28 U.S.C. § 1927.  Thus, Defendant's request for sanctions must be DENIED.

## V. CONCLUSION

For the reasons described herein, Plaintiff's earlier-filed Motions to Amend the Complaint (ECF Nos. 40 & 44) are DENIED as moot; Plaintiff's Motion to Amend the Complaint (ECF No. 45) is DENIED; Defendant's Motion for Summary Judgment (ECF No. 36) is GRANTED; Plaintiff's Motion for Summary Judgment (ECF No. 39) is DENIED; and Defendant's Motion for Sanctions (ECF No. 49) is DENIED.  The Clerk of Court is directed to enter Judgment for Defendant and close this case.

**SO ORDERED** at Hartford, Connecticut, this 30th day of March, 2022.

                                       */s/ Sarala V. Nagala*
                                       SARALA V. NAGALA
                                       UNITED STATES DISTRICT JUDGE